UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JAMES ANTHONY SPEAKS, JR.,<br><br>*Defendant.* | Criminal No. 18-cr-111-1 (DLF) |

**MEMORANDUM OPINION AND ORDER**

James A. Speaks, Jr., is serving a five-year sentence at Federal Correctional Institution Schuylkill ("FCI Schuylkill") after pleading guilty to Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1). Before the Court is the defendant's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on the threat posed to him by COVID-19 and based on his family circumstances. For the reasons that follow, the Court will deny the defendant's motion.

**I.    BACKGROUND**

In 2014, the FBI's Safe Streets Task Force began investigating large-scale drug trafficking operations in the Washington, D.C. metropolitan area. *See* Statement of Offense at 2, Dkt. 91. Through this investigation, the FBI identified Speaks as a large-scale supplier and distributor of large quantities of cocaine base and heroin in the District of Columbia and Maryland. *Id.*

On April 24, 2018, a federal grand jury returned a four-count indictment against Speaks. *See* Dkt. 1. On January 22, 2019, Speaks pleaded guilty to Count Three of the Indictment, which charged him with violating 18 U.S.C. § 924(c). *See* Plea Agreement, Dkt. 92. As part of his plea, Speaks admitted that he distributed cocaine base and heroin and that a semi-automatic

handgun recovered in a search warrant of his home in Maryland was used in furtherance of his drug distribution scheme. *See* Statement of Offense at 3. On April 12, 2019, this Court sentenced Speaks to a five-year mandatory minimum penalty, *see* 18 U.S.C. § 924(c)(1)(A)(i), and 60 months of supervised release, *see* Judgment at 2–3, Dkt. 138.

Speaks is currently serving his sentence at FCI Schulykill. On September 1, 2020, Speaks submitted a request for a sentence reduction to FCI Schuylkill's warden, *see* Def.'s Mot. for Compassionate Release ("Def.'s Mot.") at 1, Dkt. 174, who denied the request on October 5, 2020, *see* Gov't's Ex. 2, Dkt. 177-3. Speaks then filed this *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), *see* Def.'s Mot., which the government opposes, *see* Gov't's Opp'n, Dkt. 177.

## II.  LEGAL STANDARD

Generally, federal courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). "Section 3582(c)(1)(A) of Title 18 provides one exception to this general rule[,]" as it "authorizes federal courts to entertain a motion for a sentence reduction brought by the Director of the BOP or by the defendant," provided that certain conditions are met. *United States v. Greene*, No. 71-cr-1913, 2021 WL 354446, at *6 (D.D.C. Feb. 2, 2021).

If the defendant is the movant, he must first exhaust his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A). This requires establishing that he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or that 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

A defendant also "has the burden of establishing that he is eligible for a sentence reduction under § 3582(c)(1)(A)(i)." *United States v. Holroyd*, 464 F. Supp. 3d 14, 17 (D.D.C.

2020).  Under that provision, the Court may grant a defendant's motion for compassionate release only if "after considering the factors set forth in [18 U.S.C. § 3553(a)]," the Court finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

The D.C. Circuit recently held that policy statement U.S.S.G. § 1B1.13, which refers to compassionate release motions filed by the BOP Director, does not apply to motions filed by defendants.  *United States v. Long*, 997 F.3d 342, 355 (D.C. Cir. 2021).  Consequently, a defendant who files his own motion for compassionate release "must show that he has exhausted his administrative remedies with the Bureau of Prisons and that there are 'extraordinary and compelling reasons' warranting relief."  *United States v. Oliver*, No. 00-cr-157-21, 2021 WL 2913627, at *4 (D.D.C. July 12, 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).  If he makes such a showing, the Court "may reduce the term of imprisonment . . . after considering the relevant factors set forth in 18 U.S.C. § 3553(a)."  *United States v. Winston*, No. 94-cr-296-11, 2021 WL 2592959, at *3 (D.D.C. June 24, 2021).

## III. ANALYSIS

### A. Exhaustion

As the government concedes, Speaks has satisfied § 3582(c)(1)(A)'s exhaustion requirement.  *See* Gov't's Opp'n at 9 n.2.  Section 3582(c)(1)(A) permits a defendant to seek a sentence reduction after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf *or* the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18

3

U.S.C. § 3582(c)(1)(A) (emphasis added).  Speaks complied with this requirement by filing his motion more than 30 days after his request to FCI Schuylkill's warden.

      **B.**      **Extraordinary and Compelling Reasons**

Turning to § 3582(c)(1)(A)(i)'s requirement of "extraordinary and compelling reasons," Speaks offers two potential justifications for his release.  First, he contends that he suffers from medical conditions—diminished lung capacity and hypertension—which will increase his risk of death or serious illness if he were to contract COVID-19.  Def.'s Mot. at 2–3.  Second, Speaks points to his family circumstances, and more specifically, his desire to care for his domestic partner and minor child, who are both severely asthmatic.  *Id.* at 7–9.  As explained below, neither constitutes an extraordinary or compelling reason for his release under § 3582(c)(1)(A)(i).

          1.      *Threat of COVID-19*

Speaks claims that he will be "especially vulnerable to the effects of COVID-19 should he become infected" because he suffers from hypertension as well as diminished lung capacity.  *Id.* at 2.  In fact, Speaks asserts that he has only "one functional lung."  *Id.*  These assertions, however, are belied by Speaks's medical records.[1]  While Speaks was treated for hypertension from 2011 to 2012, *see* 2020 BOP Medical Records at 18, he stopped taking hypertension medication more than eight years ago, *id.*, and has repeatedly denied having hypertension while in BOP's custody, *see* 2019 BOP Medical Records at 14, 21, 48.  Thus, Speaks "has not carried his burden of demonstrating that his hypertension is an extraordinary and compelling reason for

---

[1] While Speaks did not attach any medical records to his motion, the government obtained Speaks's medical records from BOP and has submitted them to the Court.  *See* Gov't's Ex. 3 ("2020 BOP Medical Records"), Dkt. 176-4; Gov't's Ex. 4 ("2019 BOP Medical Records"), Dkt. 176-5.

4

release." *See United States v. Orji*, 486 F. Supp. 3d 398, 402 (D.D.C. 2020); *see also United States v. Douglas*, No. 10-cr-171-4, 2021 WL 214563, at *6 (D.D.C. Jan. 21, 2021) (collecting cases where courts have denied compassionate release "to individuals with controlled or benign hypertension").

As to Speaks's claim of diminished lung capacity, Speaks did undergo "several medical procedures" after a 2006 shooting, and has "metal wires in his chest" as a result. Presentence Report ("PSR") at 18, Dkt. 120. However, he has submitted no evidence to support his claim that he has "one functional lung."[2] Def.'s Mot. at 2. His medical records from BOP indicate that he has consistently denied having any respiratory problems, *see, e.g.*, 2020 BOP Medical Records at 18, 23, 48, and that he regularly plays basketball and engages in other forms of exercise, *see, e.g.*, *id.* at 13. Speaks therefore has not demonstrated that his alleged respiratory problems are sufficiently severe to constitute an extraordinary and compelling justification for his release under § 3582(c)(1)(A)(i). *See United States v. Franklin*, 07-cr-178, 2020 WL 4049917, at *2 (D.D.C. July 20, 2020) (denying compassionate release in light of the "absence of documentation" regarding the severity of the defendant's medical conditions); *see also, e.g.*, *United States v. Coles*, 455 F. Supp. 3d 419, 425 (E.D. Mich. 2020) (denying compassionate release to a defendant who claimed to have asthma but whose BOP medical records "contain[ed] at least four occasions where [the defendant] denie[d] having respiratory problems").

---

[2] Speaks's medical records repeatedly indicate that his sternotomy incision is "well healed," 2020 BOP Medical Records at 10, 12, 28, though the parties dispute whether this means that Speaks's lungs are also "well-healed," *compare* Gov't's Opp'n at 10 (contending Speaks's medical records describe his lungs as "well-healed" (citing 2020 BOP Medical Records at 28)), *with* Def.'s Reply at 9 (disputing this account). Regardless, as noted, Speaks has not pointed to any evidence that documents the severity of his alleged respiratory problems or that substantiates his claim of diminished lung capacity.

Insofar as Speaks contends that COVID-19 itself constitutes an extraordinary and compelling circumstance that justifies his release, *see, e.g.*, Def.'s Reply at 2, "the 'mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release,'" *United States v. Dempsey*, No. 19-cr-368, 2021 WL 2073350, at *3 (D.D.C. May 24, 2021) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).  Moreover, the number of BOP inmates who are infected with the virus has dropped significantly since the height of the pandemic.  When Speaks filed his motion, FCI Schuylkill had reported "just one inmate case of COVID-19 and two staff cases."  Gov't's Opp'n at 6.  And the facility does not currently have a single inmate or staff member infected with the virus.  *See* COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (listing no positive cases at FCI Schuylkill as of July 23, 2021); *see also United States v. Webb,* No. 09-cr-755, 2021 WL 2810069, at *6 (E.D. Pa. July 6, 2021) ("COVID-19 is no longer present to a significant degree at FCI Schuylkill.").

        2.       *Family Circumstances*

Alternatively, Speaks contends that family circumstances warrant his release because his domestic partner, Ebony Tidline, and their daughter suffer from "severe chronic asthma," and his release is therefore necessary in order for him to "become the caregiver" for them both.  Def.'s Mot. at 7.  Speaks has also submitted a letter from Tidline in which she indicates that she has "suffered from chronic asthma for over 10 years," has recently "had multiple exacerbations" which have led to her hospitalization "on several occasions," and has "struggl[ed] to find child care on these occasions."  Tidline Letter at 1, Dkt. 174.  While the Court is sympathetic to these challenges, they do not establish extraordinary and compelling circumstances that justify Speaks's release.

U.S.S.G. § 1B1.13, which is not binding here, *see Long*, 997 F.3d at 355, nonetheless guides the Court "in the exercise of its discretion," and "that policy statement suggests that family circumstances should warrant release only in extreme circumstances," *United States v. Piles*, 19-cr-292-5, 2021 WL 1198019, at *2 (D.D.C. Mar. 30, 2021) (citation and internal quotation marks omitted). Application note 1(c) to U.S.S.G. § 1B1.13 indicates that the death or incapacitation of a defendant's domestic partner who is the primary caretaker of the defendant's minor children is one such circumstance, but only where "the defendant would be the only available caregiver." *See* U.S.S.G. § 1B1.13 cmt. n.1(C).

Although Speaks asserts that Tidline is "incapacitated" by her asthma, Def.'s Mot. at 10 (citing U.S.S.G. § 1B1.13), Speaks has not provided any medical records demonstrating her incapacity. *See generally* Def.'s Mot.; *see also United States v. Garcia*, No. 09-cr-224-01, 2021 WL 719763, at *5 (E.D. Pa. Feb. 23, 2021) (rejecting a similar incapacitation argument where the defendant did not provide an explanation of the primary caregiver's condition or medical records demonstrating incapacity). Nor does the record before the Court reflect that Tidline is incapable of caring for herself or their child, or that Tidline has no other caregivers. *See generally* Tidline Letter; *see also* Gov't's Ex. 2 at 2 ("[A]ccording to [Speaks's] PSI, [his] mother has moved to Washington DC, in order to help care for [his] children since [his] incarceration."). Speaks has thus failed to substantiate his claim that his family circumstances qualify as extraordinary and compelling under § 3582(c)(1)(A)(i).

### C. Section 3553(a) Factors

Finally, "even if [Speaks] had presented 'extraordinary and compelling reasons' for release, the Court may reduce his term of imprisonment only if the balance of the § 3553(a) factors favor his release." *United States v. Edwards*, No. 03-cr-234, 2020 WL 5518322, at *4

7

(D.D.C. Sept. 12, 2020); *see also* 18 U.S.C. § 3582(c)(1)(A) ("[T]he court . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable"). Weighing all of the § 3553(a) factors, including the nature and circumstances of Speaks's offense and his history and characteristics, release is not warranted.

When Speaks entered his plea, he admitted to supplying "large quantities" of cocaine base and heroin to co-conspirators in the Washington, D.C. area and carrying a firearm to further his drug trafficking operation. Statement of Offense at 2–3. And even before his conviction in this case, Speaks had a long history of drug dealing and violence. *See* PSR at 7–17. Just last year, Speaks was cited for possession of narcotics while in BOP's custody. Gov't's Opp'n at 13 (citing Gov't's Ex. 5 ("Inmate Discipline Data"), Dkt. 177-6). Speaks's programming efforts at FCI Schuylkill, *see* Def.'s Mot. at 11, 14, and his professional and life goals, *see id*. at 10–12, are commendable, but his overall record "reinforce[s] the Court's concern[s] that [Speaks] has a tendency to get involved with drugs, dangerous weapons, or both," *Dempsey*, 2021 WL 2073350, at *5, and that he continues to pose a substantial threat to public safety. Serving "[a]nything less than a [60-month] sentence—which, after all, is the product of a mandatory minimum—would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence." *Holroyd,* 464 F. Supp. 3d at 21 (internal quotation marks omitted).

Accordingly, it is

**ORDERED** that the defendant's Motion for Compassionate Release, Dkt. 174, is **DENIED**.

9

                                                                                                                  _____  
                                                                                                                  DABNEY L. FRIEDRICH  
July 23, 2021                                                                                               United States District Judge